GILBERT v. VOGELHEIM.

1. Evidence—Varying Writing by Parol—Identification of Subject Matter.

The subject matter of which an instrument speaks may be identified by evidence aliunde without infringing the rule which precludes contradiction or variance of the writing by parol.

2. Contracts—Sale of Milk Routes—Accounts Receivable—Identification of Subject Matter—Evidence.

Evidence presented by plaintiff in suit by purchaser of milk routes to enjoin seller from collecting accounts receivable, *held*, admissible and sufficiently weighty to require finding that the accounts receivable were included in the contract of sale.

References for Points in Headnotes
[1] 20 Am Jur, Evidence §§ 1124, 1142.
[2] 12 Am Jur, Contracts § 64.

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted February 5, 1963. (Calendar No. 43, Docket No. 49,926.) Decided March 8, 1963.

Bill by George Gilbert against Joseph Vogelheim, individually and doing business as Grand Traverse Dairy, to enjoin collection effort on accounts receivable of milk routes sold to plaintiff. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Edward W. TenHouten,* for plaintiff.

PER CURIAM.    March 22, 1960, plaintiff and one Loren Paige, as buyers, and defendant, as seller, executed an agreement reciting that in consideration of the payment of $6,547.72 by plaintiff and Paige to defendant, defendant "sells his Borden Company milk routes" to plaintiff and Paige. August 6, 1960, Paige sold his interest in the "routes" to plaintiff. In the meantime, plaintiff and Paige had collected all or nearly all of the accounts receivable of the "routes."

August 8, 1960, defendant sent a form letter to all of the customers of the routes owing milk accounts as of March 22, 1960, advising that their accounts had *not* been transferred to the new owners and that he, defendant, intended to collect. It was shown, contrariwise, that letters informing such customers of the fact of transfer of their accounts to plaintiff and Paige had been sent, by the Borden Company, shortly after the agreement was signed.

Plaintiff filed this bill, praying that defendant be enjoined from further pursuing said intended collections and from further contacting said customers. The bill prayed additionally for a money decree for damages caused by defendant's said form letter.

The pivotal clause of the agreement, with respect

to which the presently declared issue was framed, reads as follows:

"In consideration of the payment by the party of the second part to the party of the first part of the sum of $6,547.72, which sum is secured by the payment of $100 this date, the receipt of which is hereby acknowledged, and the balance to be paid to the party of the first part forthwith. The party of the first part hereby sells his Borden Company milk routes located in the Traverse City area to the party of the second part, but it is agreed the party of the second part shall not continue the routes as the Grand Traverse Dairy, but shall continue such business under such name as the party of the second part shall desire."

The pretrial statement concluded, "the question to be decided being whether or not the accounts receivable were included in the sale of March 22, 1960."

Decree entered for defendant. Plaintiff appeals and presents this generally decisive question:

"Did the court err in refusing to allow the plaintiff to explain how the purchase price was arrived at?"

Plaintiff contends and testified that the agreed sale price was an "adjusted figure" which included sale of the accounts receivable and assumption by himself and Paige of a $7,000 bill owing by defendant to the Borden Company. Defendant, relying on the parol evidence rule, denies all this. The trial judge, agreeing with defendant, refused to consider plaintiff's extrinsic proof and ruled:

"From all of the testimony, and the written agreement, it is the conclusion and finding of this court that the proofs are insufficient to warrant a finding that defendant agreed to include the accounts receivable in the sale of March 22, 1960; that plaintiff is therefore bound by the terms of the written agreement."

We agree with plaintiff that he was entitled, by such extrinsic evidence, to identify the subject matter of the sale and that the proof adduced in his behalf discloses overwhelmingly that the subject matter of the sale included all of the receivables of the routes. The proof in such regard was admissible as well as weighty. See rule stated and cases cited in *Nichols* v. *Seaks,* 296 Mich 154, 160. It is that the possibly doubtful subject matter of which an instrument speaks may be identified by parol proof without infringing the rule precluding contradiction or variance of such instrument. Jones proceeds (3 Jones Blue Book of Evidence, § 450, pp 220, 221):

"It is a doctrine which, perhaps, has its most frequent application in respect to wills, but which is by no means confined to such instruments, that parties have the right to claim that the court in construing written instruments shall, if necessary, *place itself in the situation of the parties to the instrument* by means of extrinsic evidence in order that the true meaning of the language may be ascertained. Extrinsic evidence may be necessary for this purpose to *identify the subject matter* to which the instrument refers; and in such case the admission of parol evidence is not forbidden by the general rule under discussion." (Italics are those of the textwriter.)

We have adopted Jones' phrasing of such rule. See *Borden* v. *Fletcher's Estate,* 131 Mich 220 at 232, quoting like language from 2 Am & Eng Enc Law (2d ed), p 291.

Reversed and remanded for entry of decree in accord herewith. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.